UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy Campbell, Jr., # 274477, ) | C/A No. 2:11-2974-TLW-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Report and Recommendation |
| ) | |
| Warden, Kershaw Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner is a state prisoner in the South Carolina Department of Corrections' Kershaw Correctional Institution. He is currently serving a twenty-year sentence for burglary, following his conviction in Fairfield County General Sessions Court, in Winnsboro, South Carolina, on April 11, 2001.[1]

Petitioner, proceeding *pro se* and *in forma pauperis*, files this civil action which, although submitted on a state prisoner complaint form, is properly construed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, because Petitioner "prays for [his] unconditional release from imprisonment" (ECF No. 1, Pet. 5), and because § 2254 is the appropriate habeas statute for use by "a person in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2254(a); *see also Gregory v. Coleman*, 218 Fed. App'x 266, *1n* (4th Cir. 2007)(recognizing majority view, that § 2254 is the exclusive vehicle for habeas corpus relief by a state prisoner, but declining to indicate whether the Fourth Circuit

---

1 The Court takes judicial notice of Petitioner's prior proceedings in the district and circuit courts, in *Campbell v. Warden, Broad River Corr. Inst.*, 8:06-2643-TLW-BHH (D.S.C.). This is the fourth attempt by Petitioner to seek habeas corpus relief in this Court from his 2001 conviction and sentence. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

would join the majority of Circuit Courts).  Pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC), this matter is before the assigned United States Magistrate Judge for initial screening.  Having reviewed the Petition and applicable law, the undersigned recommends that the Petition be summarily dismissed because this Court lacks jurisdiction to entertain it.

### *Pro Se* Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in the above-captioned case.  The review was conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).  This Court is required to construe *pro se* petitions liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980);  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true.  *Hughes*, 449 U.S. at 9.  However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).  Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and

any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Even under this less stringent standard, it plainly appears from the instant Petition that this Court lacks jurisdiction to hear the Petition. Accordingly, the Petition submitted in this case should be summarily dismissed.

## Discussion

In addition to asking for "unconditional relief," Petitioner asks for $500 million dollars as "relief and reparation" and claims that he has

> been grievously wronged and . . . [is] requesting relief under the common law set forth in this Bill in Equity for the relief and monetary demand. [He further] prays for [his] unconditional release from imprisonment also as a relief in this lawsuit under habeas corpus and 42 U.S.C. § 1983.

(ECF No. 1, Pet. 5).

However, as Petitioner has been told in many of his prior cases, a prisoner may not seek monetary damages in a habeas action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973))(habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983). Furthermore, the United States Supreme Court has held that in order to recover damages for imprisonment in violation of the United States Constitution, the imprisonment must first be successfully challenged:

3

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87; *see Edwards v. Balisock*, 520 U.S. 641 (1997)(the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgment.).

Because he is still prison, it is apparent that Petitioner has not successfully challenged his state court conviction; therefore, he cannot allege the necessary element of the illegality of his state court conviction, and he cannot show a constitutional injury or a cognizable § 1983 claim.  Petitioner has previously filed seven § 1983 actions in this Court against the same five persons who were originally named as Respondents in the instant case, alleging violations of his civil rights in connection with his 2001 state court conviction.[2]  All of Petitioner's previous § 1983 cases have been summarily dismissed based on the *Heck* doctrine.  Because of his previous, repetitive, frivolous civil actions, Petitioner is subject to the "three strikes" rule, codified at 28 U.S.C. § 1915(g).  *See, e. g., Campbell v. Crum*, 8:10-1880-TLW-BHH; *Campbell v. Fitzsimmons*, 9:10-910-TLW-BHH; *Campbell v. Fitzsimmons*, 8:10-92-TLW-BHH; *Campbell v. Fitzsimmons*, 8:09-2249-TLW-BHH.  Thus, except in a habeas case such as the instant case, Petitioner

---

2 As noted above, the Court takes judicial notice of Petitioner's prior proceedings in the district and circuit courts.  Additionally, the Court notes that a prisoner's custodian is the proper respondent in a habeas corpus action, and the caption of this Report has been corrected accordingly.  *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

may not proceed *in forma pauperis* in this Court unless he demonstrates that he is under imminent danger of serious physical injury.

Petitioner has also previously brought four § 2254 habeas actions in this Court. In his first Petition, *Campbell v. Warden, Broad River Correctional Institution*, 8:06-2643-TLW-BHH, Petitioner's petition for writ of habeas corpus was found to be untimely and was dismissed *with prejudice* on September 21, 2007. On March 6, 2008, the Fourth Circuit Court of Appeals dismissed Petitioner's appeal of this Court's decision and denied Petitioner's motion for a certificate of appealability. The Fourth Circuit subsequently denied Petitioner's petition for rehearing if its decision, on April 21, 2008. *See Campbell v. Warden, Broad River Correctional Institution*, 8:06-2643-TLW-BHH (ECF Nos. 28, 35, and 38). Such a dismissal operates as a decision "on the merits" of the petition. *See Simmons v. Cummins*, No. 2:10-CV-28-ID, 2010 WL 582091 (M.D. Ala. Jan. 15, 2010)(collecting cases).

Hence, the threshold issue in the instant case is whether Petitioner has complied with the provisions of § 28 U.S.C. § 2244(b)(3)(A)-(E) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, which govern an action in which a petitioner, who is in custody pursuant to the judgment of a state court, seeks to present claims in a second or successive habeas corpus application under § 2254. Under the cited statute and rule, when a petitioner has previously litigated a § 2554 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). As the Fourth Circuit explained in *In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004), the "initial determination of

whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals." *See United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003)("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."); *In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003)("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [(the Fourth Circuit Court of Appeals)] under the standard established in section 2244(b)(3)(C)."). There is nothing in Petitioner's pleading that shows authorization for the filing of this Petition by the Fourth Circuit. Consequently, the District Court has no jurisdiction to consider the instant Petition, and Petitioner is barred from attacking his 2001 state court conviction and sentence in this Court by way of either § 2254 or § 1983.

## **Recommendation**

Accordingly, it is recommended that the instant Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed *with prejudice*. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006)(district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent). Petitioner's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

November 9, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).